**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2826
_____

HILDA T. KENNEDY,
                              Appellant

v.

THE NEW JERSEY COURT SYSTEM

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:22-cv-05797)
District Judge:  Honorable Karen M. Williams

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2025
Before:  HARDIMAN, FREEMAN, and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 6, 2026)
_____

OPINION*
_____

PER CURIAM

        Hilda Kennedy appeals from the District Court's order dismissing her amended

complaint with prejudice.  For the following reasons, we will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kennedy brought suit against the "New Jersey Court System," properly known as the State of New Jersey Judiciary, for violations of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and the New Jersey Law Against Discrimination (NJLAD), N.J. Stat. Ann. § 10:5-1 et seq. She maintained that she is legally blind and physically impaired, and alleged that the New Jersey Judiciary and its employees discriminated against her based on her disabilities during litigation of four state court actions in the New Jersey Superior Court in Atlantic County.[1] Kennedy sought compensatory damages and injunctive relief.

The New Jersey Judiciary moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). The District Court granted the motion in part, concluding that Eleventh Amendment immunity barred Kennedy's NJLAD claims and that the Rooker-Feldman doctrine[2] barred her ADA claims with respect to the two state court suits that had concluded. Kennedy was given leave to amend her complaint to clarify the remaining two ADA claims.

In her amended complaint, Kennedy alleged claims against the New Jersey

---

[1] Kennedy's four state court suits include (1) Kennedy, et al. v. Mohammad, ATL-L-2208-16; (2) Kennedy v. Pollock, et al., ATL-L-1167-15; (3) Kennedy, et al. v. ESQ Capital III, LLC, ATL-924-22 (see also ESQ Capital III LLC v. Kennedy, ATL-L-1366-22); and (4) Kennedy v. Cooper Levenson Law Firm, ATL-L-3744-21. The first suit ended in a settlement, the second in a jury verdict against Kennedy that was affirmed on appeal, and the last two suits were ongoing when the initial complaint here was filed.

[2] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

Judiciary for violations of her First and Fourteenth Amendment rights "through the non-compliance of ADA Title II," and for intentional infliction of emotional distress. ECF No. 30. In addition to damages, Kennedy sought declaratory and injunctive relief. She also filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) to include "new relevant information." See ECF No. 43.

The New Jersey Judiciary again filed a motion to dismiss pursuant to Rules 12(b)(1) and (b)(6), arguing that the complaint failed to state a claim for relief and that the claims were barred by either Eleventh Amendment immunity or judicial immunity. The District Court denied the request to amend the complaint, granted the New Jersey Judiciary's motion to dismiss, and dismissed all claims with prejudice. The District Court also denied Kennedy's motion for appointment of counsel. Kennedy timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to Rule 12(b)(1) and 12(b)(6). See Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529-30 (3d Cir. 2012). To survive a motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We construe Kennedy's pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

At the outset, we note that Kennedy devotes much of her appellate brief to raising new claims; indeed, she requests to amend the complaint to add new defendants. We will

3

consider only those issues that Kennedy raises in her brief and that were before the District Court.  See Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998) (recognizing that, "[a]s a general rule, we do not consider on appeal issues that were not raised before the district court in the absence of exceptional circumstances"); see also M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.,  969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

We understand Kennedy to raise two issues on appeal, neither of which has merit for substantially the reasons provided by the District Court.  First, she appeals from the denial of her First Amendment retaliation claim, which required Kennedy to allege "(1) that [s]he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." George v. Rehiel, 738 F.3d 562, 585 (3d Cir. 2013) (citation omitted).  We agree with the District Court that Kennedy failed to sufficiently allege facts to satisfy the second and third requirements.  Even assuming, as Kennedy claimed, that the "filing of a state case for [Fair Housing Act violations] and a federal complaint" was constitutionally protected activity, ECF No. 30 at 13, she did not allege how the New Jersey Judiciary retaliated against her for her lawsuits.  As the District Court observed, Kennedy's ability to litigate her cases in state court "demonstrate[es] that her access to the court system itself is unobstructed."  ECF No. 49 at 12.

4

To the extent Kennedy contended that actions or rulings taken by the state court judges (as "defendant's agent[s]") during the course of her litigation were retaliatory, such as the denial of a fee waiver application or the dismissal of a case, the District Court correctly determined that the claims were barred by judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (recognizing a judge is immune from suit for all judicial actions – including those taken "in error," "in excess of his authority," or "done maliciously" – except those taken in the "clear absence of all jurisdiction"). And insofar as Kennedy attributed judicial actions to court employees or the court system, her claims were not actionable because the Superior Court and "judicial employees" are part of the unified state-based court system, see N.J. Const. Art. VI §§ III, VIII, which, as an "arm of the state," is entitled to Eleventh Amendment immunity. Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (en banc) (recognizing that a state agency or department is an "arm of the state" when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself" (citation omitted)); see also Gallas v. Supreme Ct., 211 F.3d 760, 772-73 (3d Cir. 2000) (explaining that judicial employees acting as intermediaries for judges or "functioning as an arm of the court" are protected by judicial immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (recognizing that Eleventh Amendment immunity protects a state or a state agency from suit unless Congress has specifically abrogated the state's immunity or the state has waived its immunity).

5

Second, Kennedy challenges the denial of her claim for violations of the ADA. Title II of the ADA forbids public entities, including state court systems, from discriminating on the basis of disability. See 42 U.S.C. § 12132; Tennessee v. Lane, 541 U.S. 509, 533-34 (2004) (recognizing that Title II applies to the class of cases implicating the right of access to the courts). The New Jersey Judiciary acknowledged that its Eleventh Amendment immunity from this claim is not absolute. "[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). Thus, courts must determine "on a claim-by-claim basis" whether Congress has abrogated immunity for the alleged conduct. Id. Here, the first step in determining whether the New Jersey Judiciary is immune to Kennedy's ADA claim is to determine "if any aspect of [its] alleged conduct forms the basis for a Title II claim." Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 553 (3d Cir. 2007). We agree with the District Court that Kennedy's allegations failed to make that threshold showing.

To state a claim for relief under Title II, "a party must sufficiently plead that '(1) [s]he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of h[er] disability.'" Geness v. Admin. Office of Pa. Courts, 974 F.3d 263, 273 (3d Cir. 2020) (citation omitted). "[T]he phrase 'service, program, or activity' under Title II . . . is

6

'extremely broad in scope and includes anything a public entity does.'" Id. at 275 (citation omitted).

Kennedy alleged that "defendant's agent," which, as previously noted, is an apparent reference to a New Jersey Superior Court judge who presided over her state court proceedings, "denied me access to the court and the appellate court made it too difficult to access court (sic) by not implementing ADA . . . measures." ECF No. 30 at 10, ℙ31. As for how she was denied access, Kennedy provided few specifics. She alleged that the judge failed to comply with her request for "extra assistance" and to "please speak slowly, loudly, and clearly." Id. at ℙ32. However, she did not allege that she was denied such assistance on the basis on her disability. Kennedy also cited the judge's adverse rulings as a basis for her ADA claim, including, inter alia, the dismissal of her complaint, the denial of a stay, and the denial of eight fee waiver applications. Beyond conclusory allegations, such as her assertion that "my pronounced rights [under Title II] were blatantly ignored," Kennedy did not allege facts to suggest that the judicial rulings were the result of intentional discrimination.[3] Id. at 17, ℙ62; see Durham v. Kelley, 82 F.4th 217, 225 (3d Cir. 2023) (recognizing "[w]here compensatory damages

---

[3] The ADA prohibits discrimination based on disability, but does not provide relief based on disagreement with judicial rulings. In that regard, Kennedy's arguments on appeal underscore the failure to plead a viable Title II claim. For example, she maintains that (1) the "ADA claims should have a lower threshold to support disabled litigants, ensuring fairness"; and (2) the judges "violated New Jersey Judiciary ADA rules by pursuing summary judgment, which is not in accordance with ADA requirements." Br. at 7, 9 of 25.

are sought, a plaintiff must also show intentional discrimination under a deliberate indifference standard").

Kennedy further alleged that the New Jersey Judiciary denied her access to the courts "by not implementing any ADA Title II measures." ECF No. 30 at 10, ℙ31. In particular, she stated that it failed to provide services similar to those adopted by "[m]ost colleges," such as "special offices" like a "Center for Disability Services" Id. at ℙ36. Kennedy also stated that the New Jersey Judiciary did not make available resources that "schools" offer to "protect[ ] people with disabilities from discrimination," such as "[a]ssistive listening systems" and "Braille materials." Id. at 11, ℙ40. She asserted generally the need for "cost reduction[s], ease of filing . . . complaint[s] . . . [and] real-time solutions for . . . rapidly changing barriers . . . [to] compliance [with] ADA Title II . . . ." Id. at 12, ℙ42. However, Kennedy did not state how the lack of resources or services, or the failure to make accommodations, interfered with her ability to access the courts or meaningfully participate in the state court proceedings. Moreover, she wholly failed to allege that the New Jersey Judiciary acted or discriminated against her based on her disability. We thus agree with the District Court that Kennedy did not plausibly plead a Title II ADA claim and that the New Jersey Judiciary is entitled to immunity from the claim.

8

Based on the foregoing, the amended complaint was properly dismissed with prejudice.  Accordingly, we will affirm the District Court's judgment.[4]

---

[4] Kennedy's motion to expedite the appeal is denied.